IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:25-cr-00177-JKB |
| **Salamah Audi** | : | |

### ORDER AND OPINION DENYING WITHOUT PREJUIDICE DEFENDANT'S MOTION TO REVISIT THE ISSUE OF DETENTION (ECF NOS. 29 and 32)

On July 3, 2025, this Court detained Defendant after a detention hearing, noting, *inter alia*, that the charged conduct occurred while Defendant was under community supervision, and that, Treyway, the proposed program selected to help supervise Defendant's proposed release and provide mental health services, could not effectively implement location monitoring.  (ECF No. 15).  On Defendant's motion to reopen that hearing (ECF No. 17), the Court held a second hearing on August 22, 2025, but found that two other proposed programs, Nuwave Health Services and Temah Healthcare Services were unable to provide appropriate supervision and monitoring.  (ECF No. 21).  At that hearing, the Government also informed the Court that on or about July 23, 2025, notwithstanding her pretrial confinement, Defendant had managed to deliver a threatening letter to a potential witness.

On January 20, 2026, Defendant filed another motion to reopen her detention hearing, this time proposing that she be released into the custody of a community member/minister who is otherwise employed as a case manager for a non-profit group serving veterans under electronic monitoring in the individual's apartment.  (ECF No. 29 and 32).  The Government opposes release.  (ECF No. 30).  Among other things, the Government points out that, despite her detention, Defendant sent another letter on or about October 14, 2025, this time to the home of a named victim, that admonishes the targeted individual in unsettling ways. Defendant has also filed a reply to the Government's opposition, which the Court has

also considered. (ECF No. 33).  The Court also asked for a supplemental report from Pretrial Services regarding the latest proposed release plan involving an individual as the proposed third-party custodian which the Court received on February 2, 2026.

At both previous hearings, the Court has emphasized that the release conditions that provide "reasonable assurance" of community safety in this case include a mental health program that can adequately assess and address Defendant's needs, along with an environment that can effectively enforce a "home confinement" level of electronic monitoring in a setting acceptable to Pretrial Services.   In its February 2, 2026, supplemental report, Pretrial Services indicated that, despite several attempts, Pretrial Services has been unable to contact the proposed third-party custodian.

The Court regards Pretrial Services' approval in this particular case as a necessary prerequisite to revisit Defendant's potential release from custody.  At present, that approval is lacking.  Accordingly, the Court will deny Defendant's motion (ECF Nos. 29 and 32) WITHOUT PREJUIDICE to renewal should Pretrial Services be in a position to approve either the proposed release plan or any other release plan consistent with the Court's previously stated requirements for release.  In the event of such approval, any renewed motion from Defendant need only address that particular issue.

February 6, 2026  
Date

                                                 J. Mark Coulson  
                                                United States Magistrate Judge